UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DR. JOHN P. CANTOR, an individual,

       Plaintiff,

v.                                                  Case No. 23-

UNUM GROUP, a Delaware          Hon.
Corporation doing business
in Michigan, and PROVIDENT
LIFE and ACCIDENT INSURANCE
COMPANY a Tennessee Corporation
doing business in Michigan,

       Defendants.
_____/

Carly A. Zagaroli (P79358)
WARNER NORCROSS + JUDD LLP
150 Ottawa Ave. NW, Suite 1500
Grand Rapids, Michigan 49503
616.752.2789
czagaroli@wnj.com
*Attorneys for Plaintiff*

---

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Dr. John P. Cantor ("**Plaintiff**") for his Complaint against Defendant UNUM Group and Defendant Provident Life and Accident Insurance Company, (collectively "**Defendants**"), states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a declaratory judgment action brought under Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201(a) and 2202.

2. Plaintiff John P. Cantor is an individual domiciled in Kent County, Michigan, and is therefore a citizen of Michigan.

3. Defendant UNUM Group ("**UNUM**") is a foreign insurance company that is incorporated under the laws of the State of Delaware with its principal place of business at 1 Fountain Square, Chattanooga, Tennessee 37402. UNUM, therefore, is a citizen of Delaware and a citizen of Tennessee pursuant to 28 U.S.C. § 1332(c)(1).

4. Defendant Provident Life and Accident Insurance Company ("**Provident**") is a foreign insurance company that is incorporated under the laws of the State of Tennessee with its principal place of business at 1 Fountain Square, Chattanooga, Tennessee 37402. Provident, therefore, is a citizen of Tennessee pursuant to 28 U.S.C. § 1332(c)(1).

5. This action involves a controversy between citizens of different States and the amount in controversy exceeds $75,000, and therefore this Court has original diversity jurisdiction over this civil action pursuant to 28 U.S.C. §1332.

6. This court has personal jurisdiction over the Parties.

7. Venue is proper and appropriate in this District under 28 U.S.C. §1391 because UNUM conducts business in this District, because the dispute in this action concerns the interpretation of a contract between Plaintiff and Defendants formed under and subject to the laws of the State of Michigan, and because the Injury which forms the basis of this action occurred in this District.

**GENERAL ALLEGATIONS**

8. UNUM is a foreign profit corporation incorporated under the state laws of Delaware that provides insurance throughout the United States, including in Michigan.

9. Provident is a foreign profit corporation incorporated under the state laws of Tennessee that provides or provided insurance throughout the United States, including in Michigan during the operative times of this dispute.

10. Plaintiff purchased a Disability Income Policy (the "**Policy**") from Provident which became effective on August 1, 1988. The Policy is attached as **Exhibit 1**.

11. Provident subsequently merged with UNUM in 1999.

12. Plaintiff has consistently paid the Policy's annual premium since the Policy's inception.

13. Pursuant to the Policy, UNUM will pay "benefits for covered loss resulting from Injuries or Sickness subject to all of the provisions of this policy." **Exhibit 1**, at 1, ¶ 2.

14. Under the Policy, a Total Disability occurs when, due to an Injury or Sickness (as defined below), the policy holder is not able to: (1) perform the substantial and material duties of their occupation, and (2) is "receiving care by a physician which is appropriate for the condition causing the disability." **Exhibit 1**, at 6, ¶ 5.

15. As used in the Policy, "occupation" means the occupation in which the policy holder is regularly engaged at the time of disability. **Exhibit 1**, at 6, ¶ 6. However, when one's occupation is "limited to a recognized specialty within the scope" of the policy holder's degree or license, the specialty is deemed to be the policy holder's occupation. *Id*.

16. When a policy holder suffers a Total Disability, the Policy obligates UNUM to pay monthly disability benefits for a specified period depending on the age of the patient at the time of the onset of the Total Disability. *See* **Exhibit 1**, at 3. This period additionally depends on whether the Total Disability was the result of an Injury, or a Sickness, as defined by the Policy. *See* **Exhibit 1**, at 1, ¶ 4.

17. Under the Policy, Injuries or an Injury, "means accidental bodily injuries occurring while [one's] policy is in force." **Exhibit 1**, at 6, ¶ 1.

18. Similarly, Sickness under the Policy "means sickness or disease which is first manifested while [one's] policy is in force." **Exhibit 1**, at 6, ¶ 2.

19. The Policy provides a specific subset of disabilities that would be classified as resulting from a Sickness even if they would otherwise fall within the definition of an Injury. **Exhibit 1**, at 8, ¶ 1-3. This subset only includes disabilities resulting from transplant surgery, disabilities resulting from cosmetic surgery to correct disfigurement or change one's appearance, and disabilities resulting from childbirth. *Id*.

20. A complication resulting from spine surgery is not among the subset of expressly listed disabilities that would be classified as resulting from a Sickness if suffered by the policy holder. *See id*.

21. When a policy holder is deemed to have a Total Disability, the Policy will pay a monthly benefit payment which is to continue while the policy holder is Totally Disabled, but not more than the maximum benefit period. **Exhibit 1**, at 7, ¶ 4.

22. If a policy holder's Total Disability arises as a result of a Sickness and occurs when the policy holder is 63, the policy holder is only entitled to monthly benefit payments for 36 months. **Exhibit 1**, at 3.

23. Conversely, if the policy holder's Total Disability arises as a result of an Injury and occurs before the policy holder reaches the age of 65, the policy holder is entitled to monthly benefit payments for life. *Id*.

*Plaintiff's Injury*

24. Plaintiff is a 66-year-old pulmonologist and was a critical care physician at Corewell Health in Grand Rapids, Michigan.

25. In this position, Plaintiff must perform cardiopulmonary resuscitation, intubate patients, and physically reposition patients during code.

26. On September 9, 2021, at the age of 64, Plaintiff underwent a three-level anterior cervical discectomy and fusion surgery ("**ACDF**") of vertebrae at C3-C4, C4-C5, and C5-C6 to alleviate pain and discomfort Plaintiff was experiencing in his neck and right arm.

27. Plaintiff's surgeon reported that the surgery was uncomplicated.

28. Though there was no evidence of complication during, or at the immediate conclusion of the surgery, Plaintiff experienced significant weakness in his right arm after the surgery that was not present prior to the operation.

29. Plaintiff then received a diagnosis of C5 root neuropraxia as a result of the surgery. A C5 root neuropraxia is an Injury that does not occur upwards of 99% of the time after an ACDF is completed. Even if a C5 root neuropraxia does occur, full recovery is generally anticipated to be achieved within the first six months of Injury. If a patient has not fully recovered within six-months' time, recovery is not expected.

30. Despite consistent attempts at rehabilitation and slow improvement in the first months following ACDF surgery, Plaintiff's recovery has plateaued, and he has had little to no improvement.

31. Plaintiff continues to experience weakness in his arm and shoulder, as well as numbness in his hands when performing any activity, even momentarily.

32. Due to the Injury suffered as a result of the ACDF surgery, Plaintiff cannot perform his material duties as a licensed pulmonologist and is thus Totally Disabled under the Policy.

33. Due to the Injury, Plaintiff cannot safely move patients or conduct cardiopulmonary resuscitation, because his weaknesses would increase the risk of harm to his patients.

*Plaintiff's Disability Claim*

34. After Plaintiff's C5 root neuropraxia did not improve, Plaintiff submitted a claim for disability benefits with Defendants under the Policy.

35. After receiving Plaintiff's claim, UNUM conceded that Plaintiff suffered a Total Disability beginning on September 9, 2021.

36. UNUM deemed Plaintiff eligible for Total Disability benefits beginning on October 9, 2021.

37. Despite the accidental bodily nature of the Injury, UNUM classified Plaintiff's Total Disability as a result of a Sickness rather than as a result of an Injury, thus entitling Plaintiff to monthly benefit payments for only 36 months rather than for life if UNUM had properly classified the Total Disability as a result of an Injury.

38. UNUM will stop all disability benefit payments to Plaintiff on October 9, 2024.

39. Plaintiff appealed UNUM's designation of Plaintiff's Total Disability as a result of a Sickness and requested UNUM to properly redesignate his Total Disability as a result of an Injury pursuant to the express terms of the Policy.

40. UNUM denied Plaintiff's appeal.

41. Thereafter, Plaintiff circulated correspondence to UNUM again demanding that Plaintiff's Total Disability be re-classified as a result of an Injury pursuant to the terms of the Policy, thus entitling him to disability benefits for life.

42. UNUM responded to Plaintiff's demand and maintained its position that Plaintiff's Total Disability is a result of a Sickness, and therefore, UNUM will discontinue disability benefit payments to Plaintiff on October 9, 2024.

## COUNT I – DECLARATORY JUDGMENT

43. Plaintiff incorporates the previous allegations as if fully stated herein.

44. Plaintiff paid all premiums owed and due under the Policy and is thus entitled to disability benefit payments in accordance with its terms.

45. Plaintiff suffered a C5 root neuropraxia after a three-level anterior cervical discectomy and fusion surgery. A C5 root neuropraxia does not occur in patients postoperatively upwards of 99% of the time, and even then, the disability is expected to resolve within six months. Thus, Plaintiff's disability was unanticipated and unexpected and was discovered only after Plaintiff woke up from the operation.

46. The Policy states that Plaintiff is entitled to lifelong disability benefits if he suffers a Total Disability resulting from an Injury, which is described as an "accidental bodily injur[y] occurring while [one's] policy is in force." **Exhibit 1**, at 6, ¶ 1.

47. Plaintiff's C5 root neuropraxia is an accidental bodily injury that occurred while the Policy was in force. The Total Disability Plaintiff suffers from resulted directly from complications associated with Plaintiff's cervical discectomy and fusion surgery. Plaintiff's pre-surgery discomfort did not produce Plaintiff's Total Disability and his Injury would not exist but for the surgery.

48. UNUM conceded that Plaintiff's disability is a Total Disability, but incorrectly classified the Injury as a Sickness. UNUM has maintained this incorrect position despite demands

by Plaintiff to classify his Total Disability as a result of an Injury according to the express terms of the Policy.

49. A genuine dispute exists between Plaintiff and Defendants regarding whether Plaintiff's Total Disability resulted from an Injury or a Sickness, the classification of which directly affects Plaintiff's benefit term under the Policy.

50. Defendant's incorrect classification and refusal to properly re-classify Plaintiff's Total Disability as a result of an Injury is an anticipatory breach of the Policy's terms which will significantly damage Plaintiff by cutting off disability benefit payments to which he is entitled to for the remainder of his life after October 9, 2024, when UNUM will cease disability benefit payments to Plaintiff.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a declaratory judgment in favor of Plaintiff and against Defendants, including that:

A. Plaintiff's Total Disability is a result of an Injury pursuant to the express terms of the Policy;

B. Plaintiff's Injury entitles him to lifelong disability benefit payments under the express terms of the Policy;

C. Because Plaintiff's Total Disability is a result of an Injury, Defendants owe Plaintiff for any and all disability benefit payments and corresponding interest which are not paid to Plaintiff after October 9, 2024, if a judgment interpreting the express terms of the Policy is not reached prior to that date, together with any and all other relief in favor of Plaintiff as is deemed just and equitable under the circumstances.

-9-

Dated: October 13, 2023                                WARNER NORCROSS + JUDD LLP

                                                        By: */s/ Carly A. Zagaroli*
                                                            Carly A. Zagaroli (P79258)
                                                             Attorney for Plaintiff
                                                             WARNER NORCROSS + JUDD
                                                             150 Ottawa Ave. NW Suite 1500
                                                             Grand Rapids, Michigan 49503
                                                             czagaroli@wnj.com